IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE CONTINENTAL INSURANCE COMPANY and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:24-cv-01410 _____ |
| CODY POOLS, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

The Continental Insurance Company and National Fire Insurance Company of Hartford (collectively, "CNA"), Plaintiffs, file this Original Complaint for Declaratory Judgment against Defendant Cody Pools, Inc. ("Cody Pools") pursuant to 28 USC §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

**I. INTRODUCTION**

1. CNA seeks declaratory relief regarding its duty to defend and/or indemnify Cody Pools with respect to the following five underlying claims (hereinafter referred to as the "Subject Claims"), each of which is based upon damage to pools caused by an "alkali-silica reaction" or "ASR" that occurs when alkalis in cement are combined with reactive silica in the aggregate, creating an expansive gel in the presence of moisture that causes cracks in the pool:

| CLAIMANT(S) | NATURE OF CLAIM |
|---|---|
| Vaseem and Asra Syed | Lawsuit against Cody Pools in Willamson County alleging ASR damage to pool caused by aggregate used in shotcrete. |
| Chris and Alison Fulbright | Lawsuit against Cody Pools in Williamson County alleging cracks in pools caused by ASR. |

| Kasey and Shelby Van Daley | Claim by homeowner for cracking in pool due to ASR. Cody Pools settled this claim and demanded indemnity from CNA. |
|---|---|
| Kathy and Corey Westbrook | Claim by homeowner for cracking in pool due to ASR. Cody Pools settled this claim and demanded indemnity from CNA. |
| Seth and Stefani Goldberg | Claim by homeowner for cracking in pool due to ASR. Cody Pools settled the claim and demanded indemnity from CNA. |

2. A justiciable controversy exists between CNA and Cody Pools with respect to each of the Subject Claims. Syed and Fulbright are pending lawsuits in which Cody Pools has requested a defense from CNA under the terms of the insurance policies issued by CNA to Cody Pools, and CNA is currently defending Cody Pools under those policies subject to a reservation of CNA's rights. Van Daley, Westbrook, and Goldberg are claims for ASR damage that Cody Pools has settled and subsequently demanded reimbursement from CNA.

3. CNA seeks declaratory relief that it has no obligation to defend or indemnify Cody Pools with respect to each of the Subject Claims because the CNA policies exclude coverage for property damage arising out of the actual or alleged presence of silica. By definition, ASR damage to a pool arises out of the presence of silica.

## II. PARTIES

4. Plaintiff The Continental Insurance Company ("CIC") is an insurance company authorized to do business in the State of Texas. CIC is incorporated in Pennsylvania and has its principal place of business in Chicago, Illinois. CIC is therefore a citizen of Pennsylvania and Illinois.

5. Plaintiff National Fire Insurance Company of Hartford ("National Fire") is an insurance company authorized to do business in the State of Texas. National Fire is incorporated

in Illinois and has its principal place of business in Chicago, Illinois. National Fire is therefore a citizen of Illinois.

6. Defendant Cody Pools, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Georgetown, Texas. Cody Pools is therefore a citizen of Delaware and Texas. Cody Pools may be served with process by serving its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because Defendant Cody Pools resides in this judicial district.

### IV. FACTS

9. Cody Pools is a swimming pool contractor that builds residential pools in the Central Texas area.

10. Plaintiffs are insurance companies that issued the following primary and excess liability insurance policies to Cody Pools:

| Policy Period | Policy No. | Insurance Co. | Policy Limits |
|---|---|---|---|
| 5/1/20-5/1/21 | 6080968396 | CIC | $5M excess of $5M |
| 5/1/21-5/1/22 | 6080968396 | CIC | $5M excess of $5M |
| 5/1/22-5/1/23 | 7033733082 | National Fire | $1M per occurrence/$2M aggregate |
| 5/1/22-5/1/23 | 7033733101 | CIC | $10M excess of underlying limits |
| 5/1/23-7/1/24 | 7033733082 | CIC | $1M per occurrence/$2M aggregate |
| 5/1/23-7/1/24 | 7033733101 | CIC | $10M excess of underlying limits |

11.     Numerous homeowners have asserted claims against Cody Pools alleging defects in their pools attributable to "alkali-silica reaction," typically referred to as "ASR." ASR is a chemical reaction that occurs between the alkalis in cement and certain types of reactive silica that may be found in the aggregates used in making concrete, resulting in an expansive gel that can cause cracks in the pool shell.

12.     Some of those homeowners filed suit against Cody Pools alleging ASR-related pool defects and seeking damages and other remedies from Cody Pools.

13.     The lawsuits filed against Cody Pools include the following two suits: (a) *Vaseem Syed and Asra Syed v. Cody Pools, Inc. et al.*, Cause No. 23-1714-C395, in the 395th District Court of Williamson County, Texas; and (b) *Chris and Alison Fulbright v. Cody Pools, Inc. et al*, Cause No. 24-1005-C425, in the 425th District Court of Williamson County, Texas.

14.     In both *Syed* and *Fulbright*, the plaintiffs allege that Cody Pools is liable because their pools have problems caused by ASR.

15.     Cody Pools notified CNA of the *Syed* and *Fulbright* lawsuits and requested that CNA defend and indemnify it against those claims and suits. In both suits, CNA has provided a defense to Cody Pools subject to CNA's reservation of its rights under the policy.

16. Cody Pools has also settled some of the claims by homeowners and has demanded that CNA indemnify Cody Pools for those settlements. Those settlements included claims by the following homeowners: (a) Kasey and Shelby Van Daley; (b) Kathy and Corey Westbrook; and (c) Seth and Stefani Goldberg.

17. For each of those claims, the homeowners asserted that the damage to their pool was caused by ASR.

18. Petrographic analysis by the engineering firm Wiss, Janney, Elstner Associates of core samples taken from the Van Daley, Westbrook, and Goldberg pools confirmed that the cracks were caused by ASR.

19. For the Van Daley claim, Wiss Janney confirmed in January 2024 that ASR was present, that cracking in the pool was due to ASR, and that damage was likely to continue if moisture and temperature conditions remained the same.

20. For the Westbrook claim, Wiss Janney issued a June 2024 report confirming the presence of ASR and that cracking in the pool was due to ASR.

21. For the Goldberg claim, Wiss Janney issued an April 2024 report confirming that ASR was present and that the cracks were induced by ASR

22. CNA advised Cody Pools that it may have no coverage for the claims and suits because the policies have exclusions for property damage arising out of the actual or alleged presence of silica.

23. Specifically, the 2022-2023 and 2023-2024 primary and excess CNA policies issued to Cody Pools are subject to a silica exclusion that states "[t]his insurance does not apply to: …property damage arising in whole or in part out of the actual, alleged or threatened presence of silica."

24. In addition, the 2020-2021 and 2021-2022 CNA excess policies are subject to, and apply in conformance with, the terms of the underlying primary insurance policy, which includes the following "Silica or Silica-Related Dust" exclusion:

> This insurance does not apply to:
>
> **Silica or Silica-Related Dust**.
> …
> b.  "Property damage" arising, in whole or in part, out of the actual, alleged, threatened or suspected contact with, exposure to, existence of, or presence of, "silica" or "silica-related dust".
>
> c.  Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of "silica" or "silica-related dust", by any insured or by any other person or entity."

25. ASR arises, in whole or in part, out of the presence of silica.

26. ASR damage to pools is excluded from coverage by the policies' silica exclusions.

27. Based on the silica exclusion, CNA has no obligation to defend suits against Cody Pools that allege that the defects in the pool are due to ASR damage.

28. Based on the silica exclusion, CNA also has no obligation to indemnify Cody Pools for settlements where the evidence shows that the damage to the pool was due to ASR.

29. Even if the silica exclusion does not apply, the policies provide limited or no coverage for the Subject Claims for other reasons, including (a) the defects in the pools may not constitute "property damage" as defined by the policies; (b) multiple other exclusions may apply, including the "Damage to Property," "Damage to Your Work," "Damage to Your Product," and "Damage to Impaired Property or Property Not Physically Injured" exclusions; and (c) the damage may not have occurred during the policy period.

## V. REQUEST FOR DECLARATORY RELIEF

30. CNA incorporates and re-alleges the preceding paragraphs as though fully set forth herein.

31. CNA seeks a declaration as to its rights, duties, and obligations, if any, with respect to certain lawsuits filed against Cody Pools alleging ASR damage to pools and with respect three settlements by Cody Pools of claims for ASR damage to pool.

32. Specifically, CNA seeks declaratory relief that it has no obligation to defend or indemnify Cody Pools with respect to two lawsuits alleging ASR damage to pools.

33. In *Vaseem Syed and Asra Syed v. Cody Pools, Inc. et al.*, Cause No. 23-1714-C395, in the 395th District Court of Williamson County, Texas, Plaintiffs allege that problems with their pool were caused by ASR and seek damages from Cody. CNA has provided a defense to Cody Pools subject to CNA's reservation of its rights under the policy.

34. In *Chris and Alison Fulbright v. Cody Pools, Inc. et al*, Cause No. 24-1005-C425, in the 425th District Court of Williamson County, Texas, Plaintiffs allege that cracks in their pool are due to ASR and seek damages from Cody Pools. CNA has provided a defense to Cody Pools subject to CNA's reservation of its rights under the policy.

35. Because the petitions in *Syed* and *Fulbright* allege that the defects in the pools arise from the presence of silica, the silica exclusions in the CNA policies preclude coverage. CNA therefore has no duty to defend Cody Pools in the *Syed* and *Fulbright* suits. The same reasons that preclude CNA's duty to defend also preclude any duty to indemnify.

36. CNA therefore requests that the Court declare that CNA has no obligation to defend or indemnify Cody Pools in the *Syed* and *Fulbright* suits.

37. CNA also seeks declaratory relief that it has no obligation to indemnify Cody Pools for its settlements of the claims asserted by Kasey and Shelby Van Daley; Kathy and

Corey Westbrook; and Seth and Stefani Goldberg. In each of those claims, the claimants asserted that cracking in their pools was due to ASR. In each of those claims, the evidence confirmed that the damage to the pools was due to ASR. Cody Pools settled each of those claims and has demanded reimbursement from CNA.

38. The silica exclusion precludes coverage for the settlements of the Van Daley, Westbrook, and Goldberg claims.

39. Even if the silica exclusion does not apply, the CNA policies provide limited or no coverage those settlements, including (a) the settlements were not for "property damage" as defined by the policies; (b) the settlements are excluded, in whole or in part, by the "Damage to Property," "Damage to Your Work," "Damage to Your Product," and "Damage to Impaired Property or Property Not Physically Injured" exclusions; and (c) the damage did not occur during the policy period.

40. CNA therefore requests that the Court declare that CNA has no obligation to indemnify Cody Pools for the settlements of the Van Daley, Westbrook, and Goldberg claims.

41. An actual and justiciable controversy exists between CNA and Cody with respect to the Subject Claims, and the controversy is ripe for resolution by the Court. A dispute exists between the parties with respect to whether CNA has a duty to defend Cody Pools in the *Syed* and *Fulbright* lawsuits. A dispute also exists between the parties as to whether CNA is obligated to indemnify Cody Pools for the Van Daley, Westbrook, and Goldberg settlements. CNA therefore brings this action to determine its rights and obligations regarding the Subject Claims.

## VI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs The Continental Insurance Company and National Fire Insurance Company of Hartford request that the Court grant judgment as follows:

(a) declaring that The Continental Insurance Company and National Fire Insurance Company of Hartford have no duty to defend or indemnify Cody Pools with respect to the *Syed* and *Fulbright* lawsuits;

(b) declaring that The Continental Insurance Company and National Fire Insurance Company of Hartford have no duty to indemnify Cody Pools for the settlements of the claims asserted by Kasey and Shelby Van Daley; Kathy and Corey Westbrook; and Seth and Stefani Goldberg;

(c) granting such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: */s/ David H. Timmins*
David H. Timmins
Texas Bar No. 00785106
dtimmins@spencerfane.com
Natalie S. Washington
Texas Bar No. 24107923
nwashington@spencerfane.com
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: (214) 750-3610
Facsimile: (214) 750-3612

**ATTORNEYS FOR PLAINTIFFS
THE CONTINENTAL INSURANCE
COMPANY and NATIONAL FIRE
INSURANCE COMPANY OF HARTFORD**